UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STEPHEN BOLIN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NATIONAL ARCHIVES AND RECORDS ADMINISTRATION,<br><br>　　　　　Defendant. | Case No. 3:25-CV-00043-CLB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S COUNTER-MOTION FOR SUMMARY JUDGMENT**<br><br>[ECF Nos. 11, 13] |

　　　　Plaintiff Stephen J. Bolin ("Bolin") filed this action under the Freedom of Information Act ("FOIA") against Defendant National Archives and Records Administration ("NARA") seeking a declaratory judgment that NARA violated FOIA by failing to proactively disclose records related to the assassination of President John F. Kennedy ("JFK Collection"). (ECF No. 1-1.) In his complaint, Bolin explicitly requested the Court declare NARA's "failure to digitize and publish the JFK Collection violates FOIA's proactive disclosure requirements" and order NARA to "digitize and publish the JFK Collection in its FOIA electronic reading room within a reasonable time frame." (*Id*. at 6.) However, shortly after the filing of this lawsuit, President Trump issued Executive Order 14,176, which required the declassification of the JFK Collection in its entirety. (ECF No. 13-2 at 4.) As such, any documents in the JFK Collection previously withheld from public view have now been made publicly available. Consistent with the Executive Order, NARA has been systematically working to digitize the full JFK Collection and make it publicly available online, which according to NARA, would be completed in August 2025. (*Id*. at 4-5.)

　　　　Currently pending before the Court is Bolin's motion for summary judgment, (ECF No. 11),[1] and NARA's counter motion for summary judgment. (ECF No. 13.)[2] In his

---

[1]　　Defendants responded, (ECF No. 12). However, Plaintiff did not file a reply.

[2]　　Plaintiff filed a response and an amended response to Defendant's motion, (ECF Nos. 14, 16), and Defendant replied. (ECF No. 17.)

motion, Bolin acknowledges that this lawsuit is now "practically moot" because of the entry of Executive Order 14,176, which has resulted in the full release and digitization of the JFK Collection. (ECF No. 11 at 2.)  Despite acknowledging this fact, Plaintiff requests that the Court enter summary judgment in his favor by granting him declaratory relief indicating NARA's "pre-Executive Order conduct violated FOIA's mandate that agencies proactively disclosure 'frequently requested' records under 5 U.S.C. § 522(a)(2)(D)." (*Id*.)

NARA appears to agree the case is now moot but argues summary judgment should be entered on its behalf because: (1) Plaintiff failed to show that NARA violated the "reading room" requirement of FOIA; and (2) there is no basis to provide the declaratory relief requested under the circumstances. (ECF Nos. 12, 13 at 2-3.)

The Court finds that this case is now moot based on Executive Order 14,176, which both parties concede in their respective filings. The Court therefore does not consider the merits-based arguments for and against summary judgment raised in the parties' motions.

Article III, § 2 of the U.S. Constitution states that the federal courts may only adjudicate "Cases" and "Controversies". *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992); *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). By Article III, federal courts are denied the power to "to decide questions that cannot affect the rights of litigants in the case before them." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). The jurisdiction of a federal court is properly invoked only where litigants have suffered or are "threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp*., 494 U.S. 472, 477 (1990); *North Carolina*, 404 U.S. at 246 (explaining also that courts are not empowered as a matter of jurisdiction to decide moot questions). That there must be a case or controversy for the exercise of jurisdiction "subsists through all stages of federal judicial proceedings, trial and appellate." *Id*. "[I]t is not enough that a dispute was very much alive when suit was filed ... [t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Id*. at 477–78 (internal quotations and citations omitted).

"Where on the face of the record it appears that the only concrete interest in the

controversy has terminated, reasonable caution is needed to be sure that mooted litigation is not pressed forward, and unnecessary judicial pronouncements on even constitutional issues obtained." *Id*. at 480. A case is moot where there remains no present controversy for which effective relief can be granted. *E.g., W. Coast Seafood Processors Ass'n v. Nat. Res. Def. Council, Inc.*, 643 F.3d 701, 704 (9th Cir. 2011) (citations omitted); *see also Siskiyou Reg'l Educ. Project v. U.S. Forest Serv.*, 565 F.3d 545 (9th Cir. 2009) (internal quotation and citations omitted) ("A case becomes moot whenever it loses its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract propositions of law. The question is not whether the precise relief sought at the time ... [the case] was filed is still available. The question is whether there can be any effective relief.")

Both Bolin and NARA concede that, based on Executive Order 14,176, and the release and digitization of the JFK Collection, this case is now moot. The Court agrees. Based on the undisputed evidence presented to the Court, the entire JFK Collection is now publicly available and digitized. Accordingly, the controversy at issue in Bolin's complaint has now terminated and there is no present controversy for which this Court can grant any relief. Therefore, this case is now moot, and it must be dismissed for a lack of jurisdiction. Accordingly, the Court dismisses this case and denies both Bolin's motion for summary judgment, (ECF No. 11), and NARA's counter-motion for summary judgment as moot. (ECF No. 13.)

**IT IS THEREFORE ORDERED** that this case is dismissed as moot. The Court therefore does not consider the merits of Plaintiff's claims.

**IT IS FURTHER ORDERED** that the pending motions for summary judgment, (ECF Nos. 11, 13) are moot and denied accordingly.

The Clerk of the Court is directed to enter judgment in accordance with this order and close this case.

**DATED**: August 22, 2025

UNITED STATES MAGISTRATE JUDGE